### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DELON ECHOLS,**

                **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

                **Respondent.**

**Case No. 24-CV-02421-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Delon Echols, an inmate currently incarcerated at St. Charles County Jail in St. Charles, Missouri, brings the instant action to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). He alleges that he was provided ineffective assistance of counsel in his criminal case. (*Id.*)

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases.

On September 29, 2022, Echols was found guilty by a jury on one count of Attempted Possession with Intent to Distribute a Controlled Substance. *United States v. Delon Echols*, No. 21-cr-30048, Doc. 59. On March 24, 2023, Echols was

sentenced to seventy months incarceration. *Id.*, Doc. 83.

Echols filed the instant § 2255 Petition attacking his sentence on February November 4, 2024. (Doc. 1). He raised one issue: whether or not his counsel was ineffective for having an actual conflict of interest, failing to inform Echols of his stage four brain cancer and upcoming surgery, advising him that it was foolish to go to trial, not withdrawing from the case upon Echols's request, failing to sufficiently attack the credibility of a key witness, and allowing the government to seek forfeiture without consulting Echols. (*Id.*). Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Echols is not entitled to habeas relief.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before January 17, 2025. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Echols is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 18, 2024**

<u>*s/ Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**