IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELON ECHOLS,

      Petitioner,

v.

      Case No. 24-CV-02421-SPM

UNITED STATES OF AMERICA,

      Respondent.

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Petitioner Delon Echols, a former federal inmate at the Federal Correctional Institution in Terre Haute, Indiana, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 21).[1] Within his Motion, Petitioner raises various claims of ineffective assistance of counsel ("IAC"). *Id.* For the reasons set forth below, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURE

On April 21, 2021, Petitioner was indicted in the Southern District of Illinois for the Attempted Possession of MDMA with Intent to Distribute in violation of 21 U.S.C. §§ 841 and 846. *United States v. Echols*, 3:21-CR-30048-SPM-1, (Doc. 1). Following a three-day jury trial, Petitioner was found guilty on September 28,

---

[1] Petitioner was released from incarceration in February 2026. However, he is still currently under supervised release, which allows him to bring his habeas corpus claims as supervised release is considered a component of a defendant's sentence. *See United States v. Thompson*, 777 F. 3d 368, 373 (7th Cir. 2015).

2022. *Id.*, (Doc. 59). On March 24, 2023, Petitioner was sentenced to a term of 70 months of imprisonment followed by a term of 3 years of supervised release, a fine of $500, and a $100 special assessment. *Id.*, (Doc. 83).

Petitioner timely filed a notice of appeal, arguing that this Court erred in allowing prior consistent statements made after the defense argued that fabrication occurred to be heard at trial, in violation of Federal Rule of Evidence 801(d)(1)(B). *United States v. Echols*, 104 F.4th 1023 (7th Cir. 2024). The Seventh Circuit Court of Appeals ruled that while an error occurred, his retained trial counsel ("Trial Counsel") failed to properly object to the inclusion of a witness's prior consistent statements (the "Statements"), thereby forfeiting it on appeal and limiting review to plain error. *Id.* at 1025. The Seventh Circuit affirmed this Court's decision, finding that Petitioner did not meet the standard for reversal as the Statements comprised only a minor part of Petitioner's trial and other evidence supported his conviction. *Id.* at 1031.

On November 4, 2024, Petitioner filed a § 2255 Petition attacking his sentence. (Doc. 1).[2] All claims in the Original Petition survived preliminary review by this Court. (Doc. 3). On April 7, 2025, Petitioner filed an Amended Petition alleging Trial Counsel failed to provide effective assistance in violation of the Sixth Amendment.

---

[2] Petitioner raised claims of ineffective assistance of counsel regarding a counsel's conflict of interest, his failure to inform Petitioner of his Stage 4 brain cancer, for advising Petitioner to plead guilty, for not withdrawing when Petitioner informed him that he wanted a new attorney, for not sufficiently arguing about the inadmissibility of a witness' testimony, for failing to consult with Petitioner about forfeiture, and for allowing the government to seek forfeiture despite proof of funds. (Doc 21). However, his Amended Petition serves as the operative pleading and therefore all claims that are in his Original Petition but not present in his Amended Petition will not be considered. *See* Rule 12, Rules Governing § 2255 Proceedings; *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

(Doc. 21). Petitioner alleges that Trial Counsel was laboring under a medical ailment that affected his representation, and Petitioner requests an evidentiary hearing, the appointment of counsel, and the appointment of medical experts to determine the medical facts of Trial Counsel's ailment. (*Id.*, pp. 2, 4). The Government filed a Response to Petitioner's Original Motion on August 7, 2025. (Doc. 30). Petitioner filed his Reply on August 18, 2025. (Doc. 31). In his Reply, Petitioner specifically claims that Trial Counsel was ineffective for failing to make proper objections, failing to initiate and carry out cross-examination of witnesses, failing to call witnesses, and maintains that medical ailments prevented Trial Counsel from providing adequate representation. (*Id.*, pp. 5, 11).

## APPLICABLE LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993). Relief under § 2255 is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Section 2255 cannot be used as a substitute for a direct appeal or to relitigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003).

A court must vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

ANALYSIS

## I.     Ineffective Assistance of Counsel

"The Sixth Amendment right of effective assistance of counsel applies to a criminal defendant's trial, sentencing, and the first appeal of right." *Jones v. Welborn,* 877 F. Supp. 1214, 1219 (S.D. Ill. 1994). Petitioner raises claims of ineffective assistance of counsel, which may be brought for the first time under a § 2255 motion. *Massaro v. United States,* 538 U.S. 500, 504 (2003); *United States v. James,* 635 F.3d 909, 916 (7th Cir. 2011). However, Petitioner "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995).

Ineffective assistance of counsel claims are evaluated under the two-prong test. *Strickland v. Washington,* 466 U.S. 688, 690, 694 (1984); *McDowell v. Kingston,* 497 F.3d 757, 761 (7th Cir. 2007). A petitioner must both establish "that counsel's performance was deficient" and "that the deficient performance prejudiced the

defense." *Strickland,* 466 U.S. at 687; *Thompson v. Vanihel,* 998 F.3d 762, 767 (7th Cir. 2021). To satisfy the performance prong, the petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. To prove prejudice, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong will be fatal to the claim. *See United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

### A.    Ineffective Assistance of Counsel for Failing to Make Proper Objections[3]

Petitioner alleges that Trial Counsel failed to properly object to the admission of the Statements at trial. (Doc. 21, p. 17). Petitioner argues that the Statements were the "linchpin of the government's case-in-chief" and that Trial Counsel's failure to object prejudiced him both at trial and forfeited his appellate rights. (*Id.*, p. 14); (Doc 31, pp. 10–11). Specifically, Petitioner claims that "the entirety of the evidence that was presented at trial did not support a guilty verdict" and therefore Petitioner's conviction rested on the Statements and testimony of Renita Burns. (Doc. 31, pp. 9–10). Petitioner also argues that his appellate rights were undermined because his claim on direct appeal challenging the inclusion of the Statements was forfeited due to counsel's failure to properly object at trial. (Doc. 21, pp. 10, 15–17).

---

[3] Petitioner and Respondent disagree as to whether this § 2255 claim is barred on procedural grounds. (Doc. 30, p. 6); (Doc. 31, p. 11). However, the Court will not discuss this issue as Petitioner's claims are denied on their merits.

On appeal, the Seventh Circuit found that the Statements should not have been heard at trial. *Echols*, 104 F.4th at 1025. However, Petitioner failed to preserve the claim for appellate review. *Id.* Specifically, Trial Counsel only raised a general hearsay objection, rather than the specific timing issue under Federal Rule of Civil Procedure 801(d)(1)(B) that was needed for the issue to be preserved. *Id.* at 1031.

While Trial Counsel failed to raise the proper objection at trial, he still raised an objection. *Id.* at 1030. In order to fulfill the first prong of *Strickland*, Petitioner must demonstrate errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006). Here, while Trial Counsel did not make the proper objection, he made a similar objection that the Seventh Circuit defined as "seemingly applicable" but dismissed on grounds of specificity. *Echols*, 104 F.4th at 1030. Therefore, Trial Counsel's failure to object with enough specificity does not rise to serious error.

Even if Petitioner could show that Trial Counsel's failure to properly object was serious error, he cannot show that the error severely prejudiced him. The Seventh Circuit, on direct appeal, examined Petitioner's claim for plain error and found that the admitted testimony "played only a minor role in this case."[4] *Echols*, 104 F.4th at 1031. The Court further noted that other testimony and evidence, which

---

[4] The Seventh Circuit Court of Appeals has found that the prejudice prong of *Strickland*, "is essentially identical to the prejudice requirement" for plain error review. *United States v. Remsza*, 77 F.3d 1039, 1044 (7th Cir. 1996); *See also United States v. Folks*, 236 F.3d 384, 390–91 (7th Cir. 2001) (applying plain error standard where no objection was made in trial court and requiring defendant to show that he probably would have been acquitted but for the constructive amendment).

was unchallenged, connected Petitioner to the packages of drugs he was attempting to possess. *Id.*

Petitioner's IAC claim for failing to make proper objections at trial fails and must be dismissed as Trial Counsel was not deficient by failing to object with enough specificity, and Petitioner was not prejudiced by this minor error.

**B.      Ineffective Assistance of Counsel for Failing to Initiate and Carry Out Cross-Examination of Witnesses**

Petitioner claims that Trial Counsel was ineffective because he failed to "initiate competent and pointed cross-examination." (Doc. 31, p. 7). Specifically, Petitioner claims that Trial Counsel failed to properly cross-examine Renita Burns. (*Id.*).

"After a witness testifies, counsel rather than the client decides whether to cross-examine, and, if so, what lines of inquiry to pursue." *United States v. Babul*, 476 F.3d 498, 501 (7th Cir. 2007). In other words, it was within Trial Counsel's discretion to determine how to cross-examine any witness.

As previously stated, Petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner fails to provide any compelling evidence that Trial Counsel failed to ask questions when cross-examining witnesses or that Trial Counsel failed to cross-examine witnesses. (Doc. 21, pp. 19–20). Even if Petitioner did provide such evidence, he failed to

demonstrate how questioning or cross-examination would have resulted in a different outcome. (*Id.*).

Petitioner's assertions are conclusory and amount to little more than a claim that Trial Counsel could have better cross-examined witnesses. Petitioner does not provide specific examples of how Trial Counsel's actions at trial were insufficient, and Petitioner's vague assertions do not show that he was prejudiced. Therefore, Petitioner's IAC claim for failing to initiate and carry out cross-examination of witnesses is dismissed.

### C.    Ineffective Assistance of Counsel for Failing to Call Witnesses and Establish a Clear Plan of Action to Defend Petitioner

Petitioner alleges that Trial Counsel failed to establish a clear plan of action to defend Petitioner, and that Trial Counsel failed to call witnesses that Petitioner suggested. (Doc. 21, p. 24). Specifically, Petitioner asked Trial Counsel if he would call two witnesses, and Trial Counsel responded, "that their testimony was useless." (*Id.*, p. 34). Petitioner also claims that Trial Counsel, due to medical impairments, forgot components of the defense strategy leading up to trial, and that Petitioner had to remind him of their previous discussions. (*Id.*).

Generally, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland,* 466 U.S at 690. Additionally, an attorney's strategic decisions on whether to call witnesses are "generally not subject to review." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). Petitioner admits that Trial Counsel provided reasoning for not including two individuals as witnesses, calling their testimony "useless." (Doc. 21, p.

34). Petitioner does not allege that Trial Counsel failed to thoroughly investigate these witnesses, nor does he provide evidence for how the testimony of these witnesses, if included, would have changed the outcome of his trial. The decision not to call these witnesses was a strategic decision on Trial Counsel's part, and Petitioner's assertions fail to demonstrate that Trial Counsel's decision not to call them was prejudicial.

### D.    Ineffective Assistance of Counsel Regarding Counsel's Medical Ailments

Petitioner's final claims regard Trial Counsel's health leading up to and at the time of trial. (*Id.*, p. 2). Petitioner alleges that Trial Counsel was suffering from medical ailments which affected his representation and prejudiced Petitioner to a constitutional degree (*Id.*). While Petitioner originally argued that Counsel was suffering from Stage 4 brain cancer, he ultimately conceded that Counsel was suffering from skin cancer. (*Id.*, p. 33); (Doc. 31, p. 5). Nevertheless, Petitioner maintains that Trial Counsel's medical impairments inhibited his ability to represent Petitioner at trial. (Doc. 31, p. 5). Petitioner also claims that he was unaware of Trial Counsel's medical ailment until a Zoom call on July 22, 2022, and that when he told Trial Counsel to withdraw from the case, Trial Counsel did not respond. (Doc. 21, p. 33). He additionally claims that if he had known Trial Counsel was incompetent to try his case, he would have alerted the Court. (*Id.*, p. 34).

Petitioner has failed to establish how the alleged medical impairments suffered by Trial Counsel prejudiced him at trial. Petitioner specifically relies on his previous claims of failure to object, failure to call witnesses, failure to establish a

clear plan of action for defense, and failure to initiate and carry out cross-examination of witnesses as evidence for how Trial Counsel's medical ailments prejudiced his trial. As previously discussed, Petitioner falls short in showing how such failures, if true, resulted in an outcome that otherwise would have been different. *See Strickland*, 466 U.S. at 689. Since Petitioner's other claims have already been dismissed, his claim for ineffective assistance of counsel based on Trial Counsel's medical ailments is dismissed as well.

Regarding the contestation of whether Petitioner asked Trial Counsel to withdraw, Petitioner could have simply raised the issue directly to this Court and requested that Trial Counsel be relieved. *Martel v. Clair,* 565 U.S. 648, 663 (2012); *United States v. Johnson,* 126 F. 4th 546, 553 (7th Cir. 2025). However, Petitioner did not raise this concern with this Court at any point and offers nothing beyond an unsupported claim that he asked Trial Counsel to withdraw. Therefore, Petitioner does not have an IAC claim regarding Trial Counsel's failure to withdraw.

## II. Evidentiary Hearing and Appointment of Counsel and Medical Experts

Petitioner has requested an evidentiary hearing, along with the appointment of counsel and medical experts for his claims pursuant to § 2255(b). (Doc. 21, p. 25). This Court finds that an evidentiary hearing is not essential. *See Almonacid v. United States*, 476 F.3d 518 (7th Cir. 2007); *see also* Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4 ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk

to notify the moving party."). Additionally, Petitioner failed to provide the Court with a detailed and specific affidavit that demonstrated the actual proof of the allegations in his § 2255 Petition. *See Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("It is the rule of the court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations that go beyond mere unsupported allegations.").

Finally, because this Court denies Petitioner's request for an evidentiary hearing, this Court also denies his request for the appointment of counsel and medical experts. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992) (citing *Rauter* v. United States, 871 F.2d 693 (7th Cir. 1989); *see also* Rules Governing § 2255 Proceedings for the United States District Courts, Rule (Explaining that when a § 2255 motion is denied without a hearing, a petitioner does not have a statutory right to counsel). Overall, Petitioner's argument for an evidentiary hearing is meritless, and Petitioner's Petition must be dismissed in its entirety.

### CONCLUSION

For the reasons set forth above, Delon Echol's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As for Petitioner's claims of ineffective assistance of counsel, Petitioner has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: July 23, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**